IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KEVIN GOODE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:04-cv-891-F |
| | ) | (WO) |
| CBN STEEL CONSTRUCTION, INC., | ) | |
| and IRON WORKERS LOCAL UNION | ) | |
| #92, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

This case arises out of alleged racial discrimination against Plaintiff Kevin Goode ("Goode") during his employment for CBN Steel Construction, Inc. ("CBN"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a)(4) (civil rights). Venue is proper pursuant to 28 U.S.C. § 1391.[1] This cause is currently before the Court on the Plaintiff's Motion for Default Judgment (Doc. #24), filed April 1, 2005, Motion and Supporting Documents for Damages and Fees Against Defendant CBN (Doc. #36), filed June 27, 2005, and Motion for Attorney Fees (Doc. #39), filed July 15, 2005. Upon consideration of these motions, the Court finds that they are due to be DENIED.

---

[1] The Court does question whether Defendant CBN has been properly served pursuant to Federal Rule of Civil Procedure 4(h)(1) or 4(e)(1).

1

## I. FACTS AND PROCEDURAL HISTORY

The allegations in the Complaint, which the Court accepts as true, are as follows. Beginning on April 24, 2003, Goode was employed by CBN as an iron worker on a project at the Hyundai Plaint in Montgomery, Alabama. Goode was the only black worker at this particular job site and from the beginning of his employment was subjected to racially offensive language, derogatory remarks and threats. Goode repeatedly reported this behavior to CBN employees, including multiple supervisors and persons in other positions of authority. However, no action was taken by CBN. Goode filed an EEOC charge of discrimination on or about June 17, 2003. He was terminated on July 2, 2003, the same day that CBN received notice of the EEOC charge.

Plaintiff filed a Complaint (Doc. #1) on September 22, 2004, followed by an Amended Complaint (Doc. #14) on December 6, 2004, alleging a violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq*, and 42 U.S.C § 1981. In his Complaint, Plaintiff seeks "back pay (plus interest), punitive damages, compensatory damages, nominal damages, liquidated damages, declaratory relief, injunctive relief, and benefits" as well as "costs, attorney's fees and expenses." (Am. Compl., 12.) On February 11, 2004, the Plaintiff applied to the Clerk for entry of Default against CBN for failure to plead, answer, or otherwise defend, pursuant to Federal Rule of Civil Procedure 55(a). On February 16, 2005, the Clerk filed an Entry of Default (Doc. #21) against CBN.

On April 1, 2005, Plaintiff filed a Motion for Default Judgment and Motion for

Hearing on Damages (Doc. #24). On April 5, 2005, the Court entered an Order (Doc. #25) instructing the Plaintiff that he needed to specify the relief he desired and provide "factual support, documents, affidavits, and any other materials necessary to demonstrate to the Court that he is entitled to such relief." On April 22, 2005, the Plaintiff filed a Brief in Support (Doc. #32), which also failed to identify the specific relief requested and to provide evidence in support thereof. The Court called the Plaintiff's attorney and brought this failure to his attention. On May 27, 2005, as the Plaintiff's attorney had still failed to provide the information requested by the Court, the Court entered an Order (Doc. #33), giving the Plaintiff until June 15, 2005, to file the requested information. Plaintiff moved for a ten-day extension of that deadline, which was granted.

On June 27, 2005, the Plaintiff filed a Motion and Supporting Documents for Damages and Fees (Doc. #36). This document indicated that Plaintiff desired $129,3500 in back pay, $8,057.50 attorney fees and expenses, and compensatory and punitive damages in an amount determinable only by the Court after a hearing. Exhibit A to this document indicated that Plaintiff calculated the back pay amount using the dates of July 2, 2003 through June 23, 2005, specifically requesting overtime pay for the days of Friday, June 24, 2005, and Saturday, June 25, 2005.

On July 13, 2005, the Court held a hearing on the issue of damages to give the Plaintiff the opportunity to present evidence establishing his damages. The only witness called was Goode, who was unable to testify as to how long the job at CBN would have

3

lasted, what alternative employment he obtained during that time, or how much money he made during that time. Additionally, Goode asked for compensatory damages, stating that the stress of the CBN situation "cost him his family," that he took his stress out on them, and that he wife had filed for divorce; he also requested punitive damages in the amount of $1 million.[2] Plaintiff provided only three exhibits during the hearing: a compilation of his W-2's from 2002 to 2004, the letter to the EEOC, and an additional request for attorney's fees and expenses from Joshua D. Wilson in the amount of $7,407.65. On July 15, 2005, the Plaintiff filed a Motion for Attorney Fees (Doc. #39), which requests an additional $3,203.75 in attorney fees.

## II. LEGAL STANDARD, ANALYSIS AND CONCLUSIONS

Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk shall enter the party's default." Once this has occurred, "the party entitled to a judgment by default shall apply to the court therefor." Fed. R. Civ. P. 55(b)(2).

The clerk's entry of default causes all well-pleaded allegations of facts to be deemed admitted. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). The Court must

---

[2] Goode did not provide any additionally information about the problems with his family, such as when the problems began, the size of his family, efforts taken on his part to mitigate these damages, or the date on which his wife filed for divorce. Additionally, Plaintiff's counsel did not attempt to demonstrate what reasonable compensatory and punitive damages would be, such as by offering factually similar case law.

4

accept these facts as true and determine whether they state a claim upon which relief may be granted. *See Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

If the Court determines that default judgment can be granted, the Court then turns to the issue of damages. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1364 n.27 (11th Cir. 1997). However, damages may be awarded "only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543-44 (11th Cir. 1985) (quotation and citations omitted). In *Adolph Coors*, for example, the appellate court reversed a damage award of $10,001, holding that even after conducting a hearing, the court did not have any basis for making $10,001 a reasonable estimation of damages. *Id.* Specifically, the court found that the trial court had neither "a hearing . . . that meaningfully informed the judgment of the court" nor "mathematical calculations and detailed affidavits" and remanded the case to the trial court "so that it may create a record and make findings adequate to support whatever award of damages it deems appropriate." Id.

Like the evidence in *Adolph Coors*, the Court finds that the evidence in this case is insufficient to allow it to make a reasonable estimation of damages. Even assuming that the Court takes the Goode's word alone for the fact that he was to work 50 - 60 hours per week and receive $20 per hour, the Plaintiff has still failed to establish key facts such as (1) how

5

long the job at CBN would have lasted absent his termination,[3] (2) whether his employment with CBN was to have been continuous or intermittent, and if intermittent, for what periods of time; and (3) what alternative income Goode earned that should be offset from the back wages owed to him.  Additionally, the Plaintiff has failed to put sufficient law and evidence before this Court on the issue of compensatory and punitive damages.  For example, Goode alleged that the alternative income that he maintained required additional travel but did not indicate where he was living at the time of that employment, how much travel was required to the CBN job, or how much additional travel the alternative jobs required.  Therefore, while the Court finds that the factual allegations contained in the Amended Complaint demonstrate that Goode is entitled to some relief, the Court is without sufficient information to award any damages at this time.

Thus, the Court could require additional submissions from the Plaintiff and set yet another hearing on the issue of damages.  However, this Court has informed the Counsel for the Plaintiff of his failure to provide sufficient information on multiple occasions and given him three separate opportunities to provide the information necessary.  Unfortunately, this Court does not have the time or resources to continue to assist the Plaintiff with his Motion

---

[3]On this issue, the Plaintiff's counsel first averred, without explanation, in Exhibit 1 to his Motion and Supporting Documents for Damages and Fees that Goode was entitled to back pay through July 25, 2004.  Plaintiff's counsel then stated during the hearing, again without explanation or documentation, that the job would have lasted approximately one year.  During the hearing Goode himself stated under oath that the job might have lasted one and a half years.  However, unsupported statements of counsel and speculation of the Plaintiff are an insufficient basis from which this Court can calculate damages.

for Default Judgment at this time. Therefore, it is hereby ORDERED that

(1) the Plaintiff's Motion for Default Judgment (Doc. #24), filed April 1, 2005, is DENIED;

(2) the Plaintiff's Motion and Supporting Documents for Damages and Fees Against Defendant CBN (Doc. #36), filed June 27, 2005, is DENIED;

(3) the Plaintiff's Motion for Attorney Fees (Doc. #39) is DENIED; and

(4) the Plaintiff shall not file another such motion until both (a) he is prepared to provide evidence on the issue of damages sufficient to allow this Court to reach a reasonable determination AND (b) the other issues in this case against the non-defaulting Defendant are resolved by way of dispositive motion, settlement, or trial.[4]

DONE this 15th day of July, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Nothing in this Order is to be construed to prevent the Plaintiff from examining the law on the issue of service of process on foreign corporations and attempting to serve CBN in conformity therewith if he determines that the first service attempt was insufficient.